IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVESTER JUAQUEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER SCHAPPERT | : | NO. 12-4255 |
| LT. CAMPOS | : | |

FILED
AUG - 3 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

MCLAUGHLIN, J.                                                  AUGUST 3, 2012

Plaintiff Sylvester Juaquee, a detainee of Immigration and Customs Enforcement at the Pike County Correctional Facility, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Correctional Officer Schappert and Lieutenant Campos based on an alleged sexual assault.[1] He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(ii) without prejudice.

I.    **FACTS**[2]

On May 15, 2012, plaintiff was sleeping in his cell after having eaten breakfast. Officer Schappert entered the cell and allegedly squeezed plaintiff's buttocks. Within a few seconds of Schappert putting his hands on plaintiff, plaintiff woke up and pushed Schappert against the cell wall. On his way out of the cell, Schappert allegedly said to plaintiff "do/does your mama

---

[1] The complaint does not reflect the defendants' first names.

[2] The following facts are taken from the complaint.

1

likes that." A few minutes later, another correctional officer, who is not named as a defendant, entered the unit and laughed. Plaintiff was not physically injured as a result of the encounter and does not specify the relief he seeks as a result of Schappert's actions.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the standards set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The Eighth Amendment secures an inmate's "right not to be sexually abused by a state employee while in confinement." Beers-Capitol v. Whetzel, 256 F.3d 120, 142 n.15 (3d Cir. 2001);

2

see also Kahle v. Leonard, 477 F.3d 544, 553 (8th Cir. 2007) ("Courts have held on multiple occasions . . . that the sexual assault of an inmate by a guard violates the inmate's constitutional rights."). Indeed, "[a] sexual assault on an inmate by a guard - regardless of the gender of the guard or of the prisoner - is deeply offensive to human dignity." Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000) (quotations omitted). Thus, even when "sexual abuse of a prisoner by a corrections officer [falls] short of sexual assault[, the conduct] may, in some circumstances, violate the prisoner's right to be free from cruel and unusual punishment." Cash v. Cnty. of Erie, 654 F.3d 324, 337 n.6 (2d Cir. 2011). What matters for Eighth Amendment purposes is that "'the deprivation alleged must be, objectively, sufficiently serious[.]'" Beers-Capitol, 256 F.3d at 125 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

Here, plaintiff's entire claim is based on his allegation that Schappert squeezed his buttocks for a few seconds and made a taunting remark after the fact. While such behavior is deplorable and unprofessional, it is insufficiently serious to give rise to a claim under the Eighth Amendment. See Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (affirming dismissal of Eighth Amendment claim where prisoner "assert[ed] a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent[,]" and none of those incidents was serious); Jones v. Culinary Manager II, 30 F.

3

Supp. 2d 491, 497 (E.D. Pa. 1998) (no Eighth Amendment violation based on one incident during which defendant "pinned Plaintiff against some boxes and 'started grinding' on Plaintiff's buttocks with his penis and threatened Plaintiff that he was going to have sex with him the first chance he got"). Accordingly, plaintiff has failed to state a claim against Schappert under the Eighth Amendment. Furthermore, plaintiff has not stated a claim against Lieutenant Campos, as the complaint neither describes how Campos was involved in the incident nor provides any other factual allegations that would give rise to a claim against Campos.[3] See Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . .") (quotations omitted).

---

[3] Prison grievances that plaintiff attached to the complaint suggest that plaintiff might have included Campos as a defendant because he believes Campos violated his rights in connection with an incident that occurred on June 22, 2012, while plaintiff was watching television. Campos allegedly told plaintiff that he was going to turn off the television because "in Africa [where plaintiff is from] you don't watch ESPN or movies you [expletive], go and file another civil case again [expletive]." About an hour and fifteen minutes later, another correctional officer shut off the television, allegedly because Campos told him to do so. Although plaintiff may have intended to bring a claim based on this incident, he did not raise any allegations about it in his complaint. Furthermore, based on the grievance alone, it appears unlikely that plaintiff will be able to state a claim based on Campos's actions. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); Murphy v. Walker, 51 F.3d 714, 718 n.8 (7th Cir. 1995) ("We find no support in the case law for [plaintiff's] claim that denying him . . . television amounts to a constitutional violation.").

4

To the extent that plaintiff intended to bring state law tort claims against Schappert, he has not stated an independent basis for this Court's jurisdiction. Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). Here, it is not clear whether either of those requirements is satisfied because plaintiff did not allege any of the parties' citizenship and did not specify the relief he seeks through this lawsuit.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. The dismissal is without prejudice to plaintiff's right to file an amended complaint in the event that he can cure any of the defects noted above. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.